**No. 63934.**—The American Import Co. *v.* United States, protest 58/451 (San Francisco).

Ford, Judge:  The merchandise, the subject of this suit, was invoiced as "flower-scissors," and assessed with duty at the rate of 10 cents each and 22½

per centum ad valorem under paragraph 357 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, which provides as follows:

Scissors and shears (not including pruning shears or sheep shears), and blades for the same, finished or unfinished, and valued over $1.75 per dozen_____ 10¢ each and 22½% ad val.

Plaintiff contends that the imported items are pruning shears, valued at more than $1.75 per dozen, rather than scissors, and are, accordingly, properly dutiable at the rate of 5 cents each and 12½ per centum ad valorem under said paragraph 357, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, the pertinent parts of which are as follows:

Pruning and sheep shears, and blades for the same, finished or unfinished:

\*     \*     \*     \*     \*     \*     \*

Valued at more than $1.75 per dozen _____ 5¢ each and 12½% ad val.

The record consists of a sample of the merchandise which was received in evidence as plaintiff's exhibit 1 and the testimony of one witness called on behalf of plaintiff. This witness testified, in effect, that he had observed the imported articles used in wholesale flower markets in San Francisco for trimming heavy flower stems, and cutting floral wire and heavier branches which could not be cut by a scissor, as well as general heavy duty cutting around the floral shops.

Based upon the foregoing and after citing the dictionary definitions for the terms, "Scissors, Shears, pruning, p-shears," plaintiff contends that exhibit 1 more closely resembles shears than scissors.

In the memorandum filed on behalf of defendant, it is contended that "\* \* \* the term 'pruning shears' is restricted to the trimming or cutting of things botanical, and, moreover, those botanical things requiring cutting *in vivo*, as distinguished from the trimming of those flowers, etc., in a flower shop, where they have come *after* being already removed from their living condition."

An examination of the legislative history of paragraph 357, *supra*, fails to shed any light on the intent of Congress in providing for pruning shears. Congress, in enacting said provision, has presumed to have ascribed to the term "pruning shears" the common meaning. The court as an aid in determining the common meaning of a term may resort to dictionaries and various lexicographical authorities.

In Webster's New International Dictionary, unabridged, 1949, at page 1996, the following definitions are found:

**pruning** \* \* \* **1.** Act of trimming, or removing what is superfluous; esp., *Hort. & Forestry*, artificial or natural removal of twigs or branches from trees, shrubs, etc. See Natural Pruning.

**pruning shears.** Strong-bladed shears used in light pruning of fruit and woody ornamentals.

In view of the foregoing, it is apparent that the term "pruning shears," provided for *eo nomine*, is a use designation. Being a use designation, the burden of proof imposed upon plaintiff herein is that the chief use of such an article must be established to the satisfaction of the court. The record falls far short of meeting this burden. Accordingly, plaintiff has failed to overcome the presumption of correctness attaching to the classification of the collector of customs.

The protest is overruled and judgment will be rendered accordingly.